UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

LOMARR PANNELL,

                Plaintiff,                        Case No. 1:08-cv-128

v.                                              Honorable Janet T. Neff

MICHIGAN PAROLE BOARD,

                Defendant.

_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

I.      Factual allegations

Plaintiff is incarcerated in the G. Robert Cotton Correctional Facility. Plaintiff pleaded nolo contendere in the Muskegon County Circuit Court to one count of first-degree home invasion. In exchange for his plea, the prosecutor dismissed a charge of criminal sexual conduct (CSC). The trial court sentenced him on March 24, 1998, to imprisonment of eighteen months to twenty years. On September 29, 2001, Plaintiff was granted parole for a twenty-four-month term. On January 24, 2002, Plaintiff was charged with misdemeanor indecent exposure arising from an incident that occurred on December 11, 2001. Plaintiff was accused of standing naked in front of a window so that his entire body was exposed and visible from the street. As the result of the criminal charges, Plaintiff was arrested for violating his parole. Following a criminal trial, Plaintiff was acquitted of the charge on September 26, 2002.

From the allegations set forth in the complaint, it appears that Plaintiff's parole revocation hearing was held after he was acquitted on the criminal charge. Plaintiff claims that one witness testified at his revocation hearing that Plaintiff was standing in front of the window naked and that she could see his genitalia from where she was standing on the street. A second witness also testified that she saw Plaintiff standing in the window naked. A third witness testified that Plaintiff was not naked, but wearing a pair of boxer shorts. Plaintiff testified that he was putting up window blinds for an employer. He claimed that he got hot and stood in front of the window in his boxer shorts. Despite his acquittal on the criminal charge, the hearing officer concluded that Plaintiff stood naked in front of the window and upheld the parole violation charge.

Plaintiff has been denied parole several times since his revocation, most recently on May 4, 2007.  In reviewing parole decisions, the Michigan Parole Board must follow the parole guidelines promulgated by the Michigan Department of Corrections (MDOC).  *See* MICH. COMP. LAWS § 791.233(e)(5).  The parole board may depart from the guidelines by denying parole to a prisoner who scores under the guidelines as having a high probability of parole, but any such departure "shall be for a substantial and compelling reason stated in writing."  *See* MICH. COMP. LAWS § 791.233(e)(6).  In 2007, Plaintiff scored as having a high probability of parole.  In its Notice of Decision denying Plaintiff's parole, the parole board gave the following substantial and compelling reason for departing from parole guidelines:   CONCERNED BECAUSE OF MINIMALIZATION OF CRIME IN ADDITION TO DENIAL OF SEXUALLY DEVIANT BEHAVIOR RELATED TO PV.   NO DEMONSTRATION THAT RISK REDUCED. UNWILLING TO PAROLE.  (5/4/07 Parole Board Notice of Action, docket #1-10.)

Plaintiff asserts violations of his Fifth and Fourteenth Amendment rights.  He first claims that his due process rights were violated by improper scoring of the parole guidelines. Plaintiff contends that he was improperly scored -5 points for "mental health" variables associated with the indecent exposure charge for which he was acquitted in 2002.  He also claims that he was improperly scored -6 points for "active sentence" variables arising from the CSC charge that was dismissed as part of his 1998 plea agreement.  Plaintiff further claims that the parole board violated his Fifth Amendment right against self-incrimination by extending the term of his incarceration, because he will not admit to an offense (the indecent exposure) that he did not commit and for which he was acquitted by a jury.  Plaintiff seeks a new parole hearing in which the parole board may not consider the dismissed CSC charge or the indecent exposure charge for which he was acquitted in 2002.

II.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 494 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). The Supreme Court has held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997). However, in *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005), the Supreme Court clarified that §1983 remains available to a

state prisoner for procedural challenges where success in the action would not necessarily spell immediate or speedier release for the prisoner.

To the extent Plaintiff seeks relief for alleged due process deprivations that infected the parole revocation proceedings, success on his claims would imply that his continued confinement on the basis of his revoked parole was invalid. *See Norwood v. Michigan Dep't of Corr.*, 67 F. App'x 286, 287 (6th Cir. 2003) ("Norwood's allegation that the defendants conspired to revoke his parole necessarily implies the invalidity of his confinement, and he has not shown that his parole revocation has been overturned by either a Michigan state court or a federal habeas corpus decision. Such a claim is not cognizable under § 1983.")  Because Plaintiff has not alleged that his parole revocation has been invalidated by either a state or federal habeas corpus decision, he fails to present a cognizable federal claim with regard to the revocation of his parole.

With regard to the claims arising from the denial of his parole, Plaintiff does not directly seek release from prison; rather, he requests a new parole hearing.  As a consequence, under *Wilkinson*, success in this action would not necessarily demonstrate the invalidity of Plaintiff's continued confinement, so his action does not appear to be *Heck*-barred. *See Wilkinson*, 544 U.S. at 82; *see also Thomas v. Eby,* 481 F.3d 434, 439-40 (6th Cir. 2007) (a plaintiff's challenge to parole procedures may proceed under § 1983 because it does not automatically imply a shorter sentence). Assuming that Plaintiff's claims challenging the denial of his parole are cognizable under § 1983, they fail to state a claim.

Plaintiff contends that Defendant violated his due process rights by misscoring the parole guidelines and failing to state a legitimate "substantial and compelling" reason for denying his parole.  Plaintiff fails to raise a claim of constitutional magnitude, because he has no liberty interest in being released on parole.  There is no constitutional or inherent right to be conditionally

released before the expiration of a prison sentence.  *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979).  Although a state may establish a parole system, it has no duty to do so; thus, the presence of a parole system by itself does not give rise to a constitutionally-protected liberty interest in parole release.  *Id.* at 7, 11; *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Rather, a liberty interest is present only if state law entitles an inmate to release on parole.  *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

In *Sweeton v. Brown*, 27 F.3d 1162, 1164-165 (6th Cir. 1994) (en banc), the Sixth Circuit, noting "the broad powers of the Michigan authorities to deny parole," held that the Michigan system does not create a liberty interest in parole.  Subsequent to its 1994 decision, the Sixth Circuit has recognized the continuing validity of *Sweeton* and has continued to find that Michigan's parole scheme creates no liberty interest in being released on parole.  *See Ward v. Stegall*, 93 F. App'x 805, 806 (6th Cir. 2004); *Martin v. Ohio Adult Parole Auth.*, 83 F. App'x 114, 155 (6th Cir. 2003); *Bullock v. McGinnis*, 5 F. App'x 340, 342 (6th Cir. 2001); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *1 (6th Cir. Nov. 1, 2000); *Hawkins v. Abramajtys*, No. 99-1995, 2000 WL 1434695, at *2 (6th Cir. Sept. 19, 2000); *Irvin v. Mich. Parole Bd.*, No. 99-1817, 2000 WL 800029, at *2 (6th Cir. June 14, 2000); *Clifton v. Gach*, No. 98-2239, 1999 WL 1253069, at *1 (6th Cir. Dec. 17, 1999).

Also, in unpublished decisions, the Sixth Circuit has held that particular parts of Michigan's statutory parole scheme do not create a liberty interest in parole.  *See Fifer v. Mich. Dep't of Corr.*, No. 96-2322, 1997 WL 681518, at *1 (6th Cir. Oct. 30, 1997); *Moran v. McGinnis*, No. 95-1330, 1996 WL 304344, at *2 (6th Cir. June 5, 1996); *Leaphart v. Gach*, No. 95-1639, 1995 WL 734480, at *2 (6th Cir. Dec. 11, 1995); *Vertin v. Gabry*, No. 94-2267, 1995 WL 613692, at *1 (6th Cir. Oct. 18, 1995); *Neff v. Johnson*, No. 92-1818, 1993 WL 11880, at *1 (6th Cir. Jan. 21, 1993);

*Janiskee v. Mich. Dep't of Corr.*, No. 91-1103, 1991 WL 76181, at *1 (6th Cir. May 9, 1991);

*Haynes v. Hudson*, No. 89-2006, 1990 WL 41025, at *1 (6th Cir. Apr. 10, 1990).  In addition, the

Michigan Supreme Court has recognized that there exists no liberty interest in parole under the

Michigan system.  *Glover v. Mich. Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999).

Furthermore, the Sixth Circuit has held that the presence of specific parole guidelines

does not lead to the conclusion that parole release is mandated upon reaching a "high probability of

parole."  *Carnes v. Engler*, 76 F. App'x 79, 80 (6th Cir. 2003).  As stated by Supreme Court, a

state's scheme may be specific or general in defining the factors to be considered by the parole

authority without necessarily mandating parole.  *Greenholtz*, 442 U.S. at 7-8.  At the time that

*Sweeton* was decided, there were statutory factors to be considered by the parole board.  *See*

*Sweeton*, 27 F.3d at 1165 n.1 (noting that MICH. COMP. LAWS § 791.235 listed "a large number of

factors to be taken into account by the board").  Although the current parole guidelines may be more

detailed than the former statutory provision, they are still nothing more than factors that are

considered by the board in assessing whether parole is appropriate.  *Carnes*, 76 F. App'x at 80.

Until Plaintiff has served his twenty-year maximum sentence, he has no reasonable

expectation of liberty.  In the absence of a liberty interest, even an allegation of arbitrary or

capricious denial of release on parole states no federal claim.  *See Haynes*, 1990 WL 41025, at *1.

The discretionary parole system in Michigan holds out "no more than a mere hope that the benefit

will be obtained."  *Greenholtz*, 442 U.S. at 11.  The Michigan Parole Board's failure or refusal to

consider Plaintiff for parole, therefore, implicates no federal right.  In the absence of a liberty

interest, Plaintiff fails to state a claim for a violation of his procedural due process rights.

Plaintiff also alleges that his right against self-incrimination was violated when he

was denied parole because he refused to admit guilt to the indecent exposure charge for which he

is innocent and was acquitted by a jury.  This assertion is without merit.  It is well-settled that the Fifth Amendment right against self-incrimination is not implicated by the alleged pressure on a prisoner to admit, in order to improve his chances for parole, that he committed the crime for which he is incarcerated.  *See Hawkins v. Morse,* No. 98-2062, 1999 WL 1023780, at \*2 (6th Cir. Nov. 4, 1999) (citing *Ohio Adult Parole Auth. v. Woodard*, 523 U.S. 272, 285-88 (1998)).  *See also Rice v. Mich. Parole Bd.*, No. 1:05-cv-549, 2005 WL 2297463, at \*3-4 (W.D. Mich. Sept. 21, 2005) (Fifth Amendment extends only to proceedings in which answers might incriminate the individual in *future* criminal proceedings; therefore refusal to admit to crimes of which prisoner had already been convicted did not implicate Fifth Amendment) (emphasis in original).  Therefore, the parole board's consideration of Plaintiff's remorse (or lack thereof) for the crimes of which he had been convicted in 2002 did not violate his Fifth Amendment rights.

### Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

Dated:   May 1, 2008                                    /s/  Joseph G. Scoville
                                                       United States Magistrate Judge

## <u>NOTICE TO PARTIES</u>

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).